■ KAYVAN KAROON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [659 NYS2d 27] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about September 5, 1996, which granted plaintiff's motion for additional discovery and denied defendants' cross-motion for summary judgment dismissing plaintiff's second and third causes of action, unanimously reversed, on the law, without costs, the motion denied and the cross-motion granted.

On September 1, 1994 at about 12:30 A.M., plaintiff Kayvan Karoon, a 29-year-old stockbroker, was riding his Kawasaki motorcycle at an excessive rate of speed westbound on 96th Street in Manhattan. Some distance ahead of him, Gilbert Cruz was driving a Transit Authority bus and was headed eastbound, intending to make a left turn onto Third Avenue.

As Cruz was completing his left turn, Karoon and his motorcycle slammed into the right wheel well of the bus. Transit investigators determined, based on the length of the skid marks left by Karoon's braking motorcycle, that Karoon first applied his brakes when the bus was as much as 320 feet away. The speedometer on Karoon's wrecked motorcycle was frozen at 65 miles per hour.

As a result of the collision, Karoon sustained serious injuries for which he now seeks recovery pursuant to three causes of action. In his first cause of action, not at issue on this appeal, he asserts that Cruz was employed by the defendant Manhattan and Bronx Surface Transit Operating Authority (the "Authority"), that he operated the bus with his employer's consent and permission and that he negligently caused the accident.

Plaintiff's second and third causes of action allege that the Authority negligently hired, retained and trained Cruz and negligently entrusted him with a dangerous instrumentality. These claims are based on the findings of an Authority safety

hearing at which an arbitrator found that "there were reasonable steps [Cruz] could have taken that could have avoided this accident". Specifically, the arbitrator found that Cruz "failed to observe oncoming traffic and should not have proceeded unless he was sure he could complete his turn without an accident". The accident was deemed "preventable" and a disciplinary suspension was imposed, to run concurrently with another accident suspension. The arbitrator's decision indicated that Cruz had been charged with eight preventable accidents, of which four were finalized as preventable.

Based on this finding, plaintiff moved for discovery of the records of Cruz's earlier accidents. Defendants, who conceded that Cruz was acting within the scope of his employment at the time of the accident, opposed such discovery and cross-moved for summary judgment dismissing the second and third causes of action.

The IAS Court granted plaintiff's motion for additional inspection and denied defendants' cross-motion for partial summary judgment.

We find that defendants are entitled to summary judgment dismissing plaintiff's negligent hiring, retention and training claims. Generally, where an employee is acting within the scope of his or her employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of respondeat superior, no claim may proceed against the employer for negligent hiring or retention (*Eifert v Bush*, 27 AD2d 950, *affd* 22 NY2d 681). This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training. (*supra*, at 951.)

While an exception exists to this general principle where the injured plaintiff is seeking punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee (*Bevilacqua v City of Niagara Falls*, 66 AD2d 988, 989; *Mastrodonato v Town of Chili*, 39 AD2d 824, 825), that exception is inapposite here. The Court of Appeals has clearly held that the State and its political subdivisions, as well as public benefit corporations such as the instant Transit Authority defendants, are not subject to punitive damages (*Sharapata v Town of Islip*, 56 NY2d 332; *Clark-Fitzgerald, Inc. v Long Is. R. R. Co.*, 70 NY2d 382).

Finally, we note that plaintiff's reliance on *Haddock v City of New York* (75 NY2d 478) is misplaced, since the employee

involved in that case was not acting within the scope of his employment when he committed the acts upon which the plaintiff's action was based. That was clearly not the case in the instant matter.

Thus, because Cruz was concededly acting within the scope of his employment, and punitive damages may not be imposed against defendants, plaintiff's second and third causes of action must be dismissed as a matter of law. "The principal issue for the jury's determination [i]s whether the [bus driver] who was driving was negligent at the time of the accident, and not whether he was improperly trained [or retained]" (*LaMotta v City of New York*, 130 AD2d 627). Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Mazzarelli, JJ.