■ Max Weinberg, Individually and as Executor of Beatrice Weinberg, Deceased, Respondent, v Guttman Breast and Diagnostic Institute, Appellant, et al., Defendants. [679 NYS2d 127] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about November 13, 1997, which denied defendant Guttman Breast and Diagnostic Institute's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion with respect to plaintiff's negligent hiring claims, and otherwise affirmed, without costs.

The affidavit of plaintiff's expert, a board certified gynecologist and obstetrician, was sufficient to demonstrate the existence of triable issues of fact respecting plaintiff's claims for medical malpractice, which include defendant-appellant's failure to timely detect decedent's metastatic breast cancer, and thus precluded the grant of defendant Institute's motion for summary judgment as to those claims (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852). However, plaintiff's claims against the Guttman Institute alleging that it negligently supervised and retained its employees should have been dismissed since where, as here, an employee is acting within the scope of his or her employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of respondeat superior, no claim may proceed against the employer for negligent hiring or retention (*Karoon v New York City Tr. Auth.*, 241 AD2d 323). Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.