■ In the Matter of KATHLEEN TRADER, Individually and as Administratrix of the Estate of RUSSELL D. HENNING, Deceased, Respondent, et al., Claimant, v STATE OF NEW YORK, Appellant. (Claim No. 89885.) [716 NYS2d 626] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The Court of Claims erred in denying that part of defendant's motion seeking summary judgment dismissing the cause of action alleging negligent training, supervision and education. The prior determination of this Court that leave to add that cause of action should have been granted (*Matter of Trader v State of New York,* 259 AD2d 951), i.e., that the cause of action was facially meritorious, does not preclude a subsequent determination that defendant is entitled to summary judgment dismissing it (*see, Teller v Hayes, Ltd.,* 213 AD2d 141, 144-145, *lv dismissed in part and denied in part* 87 NY2d 937). The cause of action for negligent training, supervision and education must be dismissed in view of the cause of action alleging that defendant is liable for the negligent acts of its employee under the doctrine of respondeat superior. "[I]f the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training" (*Karoon v New York City Tr. Auth.,* 241 AD2d 323, 324; *see also, Liddell v Slocum Dickson Med. Group,* 273 AD2d 924; *Weinberg v Guttman Breast & Diagnostic Inst.,* 254 AD2d 213).

The court reserved decision on that part of defendant's motion seeking summary judgment dismissing the negligent inspection cause of action. An order reserving decision is not appealable (*see, Bennett v Wells Coll.,* 219 AD2d 352, 357-358) and thus we do not reach defendant's contention concerning that cause of action. We disagree with defendant that the court implicitly rejected its contention that it owed no duty to decedent. The court reserved decision on the threshold issue whether defendant is entitled to immunity from liability in this case. If the court determines that defendant is entitled to absolute immunity, it will not be necessary to reach defendant's alternative contention with respect to duty (*see, Lauer v City of New York,* 95 NY2d 95, 99).

We therefore modify the order by granting that part of defendant's motion seeking summary judgment dismissing the cause of action alleging negligent training, supervision and education. (Appeal from Order of Court of Claims, Corbett, Jr., J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.