**Quaintana GRIFFIN, et al., Plaintiffs,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

**No. 03 Civ. 0174(LAK).**

United States District Court, S.D. New York.

Oct. 10, 2003.

Richard J. Cardinale, Cardinale Hueston & Marinelli, New York City, for Plaintiffs.

John A. Compton, Jr., Assistant Corporation Counsel, Michael A. Cardozo, Corporation Counsel of the City of New York, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This Section 1983 action alleges claims for false arrest and excessive use of force by two New York City detectives and seeks to hold the City, the police commissioner, and two past commissioners liable in the bargain. The matter is before the Court on defendants' motion for partial summary judgment.

### Facts

*Plaintiffs' Version*

According to a declaration of plaintiff Quaintana Griffin, the truth of which is

assumed for purposes of this motion, Detectives O'Donnell and Schulman, both defendants, came to her home on November 3, 2002 and, from a point outside the home, questioned Tiffany and Shanequa Griffin, her daughters, concerning an earlier dispute between them. Tiffany told the officers that the matter had been resolved and that she did not wish to press charges against her sister. Detective O'Donnell, however, "verbally abused" the Griffin family, followed Quaintana Griffin into her home, struck her, pushed her husband (plaintiff Curtis Pugh) aside, and then delivered additional verbal abuse. Shortly thereafter, additional police cars arrived. O'Donnell, Schulman and others searched the house. O'Donnell and Schulman then arrested Quaintana Griffin and maliciously prosecuted her in Criminal Court, although the charges ultimately were dismissed on motion by the prosecution.

*The Pleadings and the Motion*

The remaining plaintiffs in this action are Quaintana and Shanequa Griffin and Curtis Pugh.[1] The defendants are Detectives O'Donnell and Schulman, the City, and three present or former police commissioners: Ray Kelly, Bernard Kerik and Howard Safir.

According to the plaintiffs' contentions in the joint pretrial order, which amended and superceded the complaint, the actions of O'Donnell and Schulman constituted an unlawful search and seizure, false arrest and imprisonment. excessive use of force, assault and battery, malicious prosecution, and retaliation for free speech.[2] They assert that the City and Commissioners Kel-

ly. Safir and Kerik are liable because they knew that (i) Detectives O'Donnell and Schulman, and the other officers who entered plaintiffs' home, "were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case," and (ii) "there has been a substantial amount of complaints in recent years ... concerning the violent manner in which police officers enter and search private residences."[3] They seek to impose such liability also on failure to train and supervise theories.

Defendants seek partial summary judgment dismissing (i) as to the City for failure to make out any basis for liability under *Monell v. Department of Social Services.*[4] (ii) as to the police commissioners for lack of personal involvement in the alleged misconduct, (iii) the claim relating to the allegedly illegal entry and search on the ground that the entry and search were lawful, (iv) the claim of Shanequa Griffin for unlawful entry on the ground that she lacks standing, (v) the excessive force, First Amendment and malicious prosecution claims, and (vi) the negligent hiring and retention claims.

*Discussion*

If the facts are as plaintiffs claim, the defendant detectives behaved inappropriately. This motion, however, does not dispute that.

*A. The* Monell *Claim*

 In order to cast a municipality in damages for a Section 1983 violation by one of its agents, the plaintiff must plead

---

1. Certain plaintiffs have accepted offers of judgment.

2. Plaintiffs claim also that they were denied a fair trial. As neither the complaint nor the pretrial order refers to any trial, the Court disregards this allegation as conclusory boilerplate.

3. Joint pretrial order, at 3.

4. 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

and prove that the injury complained of was the consequence "of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy...."[5] "A policy or custom may be inferred from acts or omissions of a municipality's supervisory officials serious enough to amount to gross negligence or deliberate indifference to the constitutional rights of the plaintiffs" and "can be based on municipal supervisors' knowing acquiescence in the unconstitutional behavior of their subordinates."[6] It may be inferred also "where a municipality's failure to train amounted to 'deliberate indifference' of the rights of citizens"—that is, where

> "(1) ... 'a policymaker [of the municipality] knows "to a moral certainty" that [its] employees will confront a given situation'; (2) ... 'the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation'; and (3) ... 'the wrong choice by the ... employee will

frequently cause the deprivation of a citizen's constitutional rights.' "[7]

■ Defendants, pointing out the plaintiffs would bear the burden of proof on this issue at trial, contend that they are entitled to summary judgment dismissing as to the City because the plaintiffs have no admissible evidence that the events of November 3, 2002, whatever actually occurred, took place according to a municipal custom or policy. Plaintiffs, moreover, have come forward with no admissible evidence whatever.[8] And this is fatal to their claim against the City.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[9] While the burden rests on the moving party to demonstrate the absence of a genuine issue of material fact,[10] and the Court must view the facts in the light most favorable to the nonmoving party,[11] a defendant may prevail if it can demonstrate that the plaintiff cannot establish an essential element of its claim.[12] Where, as here, the burden of

**5.** *Id.* at 694, 98 S.Ct. 2018.

**6.** *Thomas v. City of New York,* 814 F.Supp. 1139, 1151 (E.D.N.Y.1993); *see also, e.g., Thomas v. Roach,* 165 F.3d 137, 144 (2d Cir. 1999); *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995); *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995); *Villante v. Dept. of Corr.,* 786 F.2d 516, 519 (2d Cir.1986); *Krulik v. Bd. of Educ.,* 781 F.2d 15, 23 (2d Cir.1986).

**7.** *Young v. County of Fulton,* 160 F.3d 899, 903 (2d Cir.1998) (quoting *Walker v. City of New York,* 974 F.2d 293, 297–98 (2d Cir. 1992)) (alterations in original).

**8.** Their memorandum does purport to paraphrase an alleged *New York Times* article for the proposition that there has been an increase in complaints to the Civilian Complaint Review Board concerning alleged abuses of authority in connection with entries into

or searches of premises and then goes on to state that the City nevertheless took no corrective action. Pl. Mem. 4. Unsworn assertions as to things that allegedly appeared in a newspaper are not admissible in evidence; indeed, even the article itself could be inadmissible hearsay where, as here, it is offered to prove the truth of the facts asserted. And plaintiffs cite nothing to support their unsworn assertion that the City took no corrective action.

**9.** *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**10.** *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

**11.** *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

**12.** *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

proof at trial lies with the nonmoving party, the moving party generally carries its burden of making a properly supported motion by pointing to a lack of evidence on an issue sufficient to go to the trier of fact. In that event, the nonmoving party must come forward with admissible evidence [13] sufficient to raise a genuine issue for trial in order to avoid summary judgment.[14]

Plaintiffs resist the clear consequence of this principle by relying on *St. Pierre v. Dyer* [15] and *Davis v. City of New York*,[16] essentially for the proposition that plaintiffs are not obliged to adduce evidence in order to defeat the motion. But these cases say no such thing.

*St. Pierre* does contain the statement that "if the motion for summary judgment is not made and supported as provided in Rule 56, the Rule does not impose on the party opposing summary judgment an obligation to come forward with affidavits or other admissible evidence." [17] But plaintiffs take it entirely out of context. As the Circuit's citation to *Celotex* demonstrates, the Circuit is mindful of the principle articulated above.[18]

*Davis* is of no greater aid to plaintiffs. It simply makes the common sense point that a moving party which is alone in knowing of the existence or nonexistence of a fact essential to the nonmoving party's case cannot necessarily win a motion for summary judgment by pointing to its adversary's lack of evidence on the point while at the same time refusing to disclose its own knowledge. The reason is straightforward. Where the moving party is in sole possession of such evidence, its failure to come forward with the evidence arguably gives rise to an inference that disclosure would be adverse to its position. This inference, in an appropriate situation, may be enough to defeat its motion.[19] That simply is not the case here. Discovery has been completed in this action. Plaintiffs have had ample opportunity to explore the facts pertinent to their *Monell* claim. In this situation, therefore, their failure to come forward with even a scrap of admissible evidence to support their contention that the alleged misconduct of the officers was attributable to the City under *Monell* and its progeny is dispositive.

13. *See, e.g., Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 269 F.3d 114, 123–24 (2d Cir.2001); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir.1998); *Raskin v. Wyatt Co.*, 125 F.3d 55, 65–66 (2d Cir.1997).

14. *E.g., Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993) (when nonmoving party bears burden of proof at trial, moving party is entitled to summary judgment if nonmovant fails to make showing on essential element of its claim); *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995) ("In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (citing *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548).

15. 208 F.3d 394 (2d Cir.2000).

16. 142 F.Supp.2d 461 (S.D.N.Y.2001).

17. 208 F.3d at 404.

18. *See also* 11 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56–138 (3d ed. 2000) ("The burden of production ... does not mandate that the movant create additional materials such as affidavits which demonstrate the absence of a genuine issue of fact. If the movant does not bear the ultimate burden of persuasion on a particular claim at trial, it may satisfy its initial burden by pointing out that the record lacks substantial evidence to support a necessary element of the nonmovant's claim.").

19. *Davis*, 142 F.Supp.2d at 466–67.

## B. The Police Commissioners

Liability under Section 1983 attaches only to defendants who personally deprive an individual of a federally protected right. Accordingly, a defendant's personal involvement in the deprivation is a prerequisite to relief.[20] To establish personal involvement on the part of a supervisory official, plaintiffs must prove (1) direct participation in the deprivation, (2) failure to remedy the wrong after learning of it, (3) the creation of a policy or custom under which the violation occurred, or (4) gross negligence in managing subordinates.[21]

Plaintiffs would bear the burden at trial of proving personal involvement of each of the commissioners. By pointing to the lack of any such evidence, defendants cast the burden of coming forward with admissible proof on the plaintiffs. They have come forward with nothing. The action therefore will be dismissed against these defendants.

## C. The Entry and Search Claims

The essence of the defendants' motion for summary judgment dismissing the claims relating to the entry into and search of the house is that the officers had probable cause to arrest Shanequa Griffin based on the prior complaint of her sister,[22] that they told Shanequa upon arriving at the house on November 3, 2003 that she was under arrest, that Shanequa then fled back into the house, and that the officers there-

fore were justified in following her in order to make the arrest.

Perhaps. But a party seeking summary judgment is obliged to come forward with admissible evidence. Defendants' motion, in this respect, rests on a bundle of copies of various police reports and other documents attached to a declaration of the assistant corporation counsel. It is debatable whether the declaration of counsel is sufficient to authenticate the documents, but one need not pause on that issue. Even if the documents are what they purport to be, there has been no showing of admissibility.

When challenged on this point, defendants replied that "[a]s a matter of course, courts consider police records, among other documents, when deciding a motion for summary judgment."[23] That of course is true. But it is not a sufficient answer to plaintiffs' objection. Some movants take pains to demonstrate the admissibility of the evidence upon which they rely in moving for summary judgment. Others are saved by the failure of their adversaries to object to the consideration of the evidence.[24] In this case, plaintiffs, as is their right, have objected. Yet defendants have made no effort to remedy this patent deficiency in their motion.

## D. Negligent Training and Supervision

The City concedes that the individual defendants were employed by it on the

---

20. *E.g., Williams v. Smith,* 781 F.2d 319, 323 (2d Cir.1986).

21. *Sealey v. Giltner,* 116 F.3d 47, 51–52 (2d Cir.1997).

22. The sister allegedly told officers that Shanequa had tried to hit her with a telephone and a hammer.

23. Def. Reply Mem. 2–3.

24. *E.g., DeCintio v. Westchester County Med. Ctr.,* 821 F.2d 111, 114 (2d Cir.1987), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987) (failure to object to consideration of inadmissible evidence on summary judgment motion waives the point).

date in question and that they were acting within the scope of their employment. As plaintiffs acknowledge,[25] they have no claim for negligent training and supervision in light of this concession.[26]

### Conclusion

For the foregoing reasons, the defendants' motion is granted to the extent that:

1. The Section 1983 claims against the City of New York are dismissed.

2. The action is dismissed as against Messrs. Kerik, Kelly and Safir.

3. The negligent training and supervision claim is dismissed.

The Court has considered defendants' other contentions and found them to be without merit, at least on the present record. Accordingly, the motion is denied in all other respects.

SO ORDERED.

**25.** Pl. Mem. 17–18.

**26.** *See, e.g., Karoon v. New York City Transit Auth.,* 241 A.D.2d 323, 659 N.Y.S.2d 27 (1st Dept.1997).