■ MICHAEL D. WATSON, Respondent, v STEVEN M. STRACK et al., Appellants. [773 NYS2d 676]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered April 30, 2003. The order granted plaintiff's motion for leave to amend the summons and complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motion seeking leave to amend the complaint to assert a cause of action for negligent hiring, supervision and retention and a claim for punitive damages against defendant Integrity Distribution, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his vehicle was rear-ended by a vehicle owned by defendant Integrity Distribution, Inc. (Integrity) and driven by Integrity's employee, defendant Steven M. Strack. It is undisputed that Integrity did not conduct an

investigation into the driving record of Strack before hiring him and did not monitor his driving record while he was employed by Integrity. At the time of the accident at issue herein, Strack had a pending charge for driving while intoxicated and was driving illegally during work hours on a hardship license that permitted him to drive only to and from work. Strack also had several other driving infractions on his record.

Supreme Court erred in granting those parts of plaintiff's motion seeking leave to amend the complaint to assert a cause of action for negligent hiring, supervision and retention as well as a claim for punitive damages against Integrity, and thus we modify the order accordingly (*see generally Island Cycle Sales v Khlopin*, 126 AD2d 516, 517-518 [1987]). A motion seeking leave to amend the complaint should not be granted where the proposed amendment is "plainly lacking in merit" (*New York State Health Facilities Assn. v Axelrod*, 229 AD2d 864, 866 [1996]) or "is 'palpably insufficient' as a matter of law" (*Island Cycle Sales*, 126 AD2d at 518). Here, the cause of action for negligent hiring, supervision and retention is plainly lacking in merit. Such a cause of action does not lie where, as here, the employee is acting within the scope of his or her employment, thereby rendering the employer liable for damages caused by the employee's negligence under the theory of respondeat superior (*see Weinberg v Guttman Breast & Diagnostic Inst.*, 254 AD2d 213 [1998]; *cf. Matter of Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159, 161 [1997], *cert denied* 522 US 967 [1997], *lv dismissed* 91 NY2d 848 [1997]). "While an exception exists to this general principle where the injured plaintiff is seeking punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee" (*Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]), the proposed cause of action and claim for punitive damages nevertheless are plainly lacking in merit. Punitive damages may be awarded when the defendant's conduct has a "high degree of moral culpability" (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203 [1990]). Such conduct "need not be intentional and it is sufficient if it is so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others" (*Rinaldo v Mashayekhi*, 185 AD2d 435, 436 [1992]). We conclude as a matter of law that the alleged failure of Integrity to conduct an investigation into the driving record of Strack before hiring him or to monitor his driving record while he was employed by Integrity does not constitute the requisite conduct for the imposition of punitive damages (*cf. Dumesnil v Proctor & Schwartz*, 199 AD2d 869, 870-871 [1993]).

We further conclude, however, that the court properly granted that part of plaintiff's motion seeking leave to amend the ad damnum clause to increase the amount of damages sought. Such an amendment is properly allowed where, as here, there is no showing that defendants have "been hindered in the preparation of [their] case or [have] been prevented from taking some measure in support of [their] position" (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981], *rearg denied* 55 NY2d 801 [1981]; *see Stornelli v Aakron Rule Corp.*, 89 AD2d 1060 [1982]). Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.