■ DALE COVILLE et al., Respondents, v RYDER TRUCK RENTAL, INC., et al., Appellants. [817 NYS2d 179]—

Carpinello, J. Appeal from an order of the Supreme Court (Catena, J.), entered September 30, 2005 in Schenectady County, which, inter alia, denied defendants' cross motion to, inter alia, dismiss a certain cause of action.

Plaintiffs commenced this negligence action seeking damages for injuries that plaintiff Dale Coville suffered when his wheelchair was struck by a truck driven by defendant Gary O. Bennett, an employee of defendant Tomra New York Recycling, LLP.[1] During the course of discovery, it became evident that plaintiffs were attempting to assert a claim against Tomra for negligent hiring, retention, training and supervision. At issue on appeal is an order of Supreme Court which, in addition to compelling certain discovery, denied a cross motion by defendants to dismiss this cause of action. We now modify that order.

It is undisputed that Bennett was acting within the scope of

---

1. Tomra leased the truck from defendant Ryder Truck Rental, Inc.

his employment when this accident occurred. It is well-settled law that "[w]here an employee is acting within the scope of his or her employment, the employer is liable under the theory of respondeat superior and no claim may proceed against the employer for negligent hiring or retention" (*Rossetti v Board of Educ. of Schalmont Cent. School Dist.*, 277 AD2d 668, 670 [2000]; *see Ashley v City of New York*, 7 AD3d 742, 743 [2004]; *Watson v Strack*, 5 AD3d 1067, 1068 [2004]; *Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]). While such a claim is permitted when punitive damages are sought based upon facts evincing gross negligence in the hiring or retention of an employee (*see Talavera v Arbit*, 18 AD3d 738, 739 [2005]; *Watson v Strack, supra*; *Karoon v New York City Tr. Auth., supra*), plaintiffs have failed to establish such a claim here (*see Henderson v United Parcel Serv.*, 252 AD2d 865, 866-867 [1998]).[2] In short, not even the most liberal construction of the complaint, amended complaint and bill of particulars (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]) supports a demand for punitive damages, the imposition of which "generally requires conduct that evidences a high degree of moral culpability, is so flagrant as to transcend simple carelessness, or constitutes willful or wanton negligence or recklessness so as to evince a conscious disregard for the rights of others" (*Evans v Stranger*, 307 AD2d 439, 440 [2003]; *see Watson v Strack, supra*; *Henderson v United Parcel Serv., supra*; *see generally Trudeau v Cooke*, 2 AD3d 1133, 1134-1135 [2003]; *Acker v Garson*, 306 AD2d 609, 610 [2003]). There are simply no factual allegations in these pleadings which allege inadequacies in Tomra's hiring or retaining of Bennett that rise to the level of imposing punitive damages (*see Watson v Strack, supra*; *Henderson v United Parcel Serv., supra*). This being the case, Supreme Court erred in denying defendants' cross motion to dismiss the negligent hiring, retention, training and supervision cause of action.

With respect to the two extant discovery issues, because defendants failed to timely object to the demands (*see* CPLR 3122 [a]; 3133 [a]), this Court's review " 'is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper' " (*McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003], quoting *Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888 [2000]). So limited, we are constrained to conclude that the ordered material is neither privileged nor palpably improper and thus affirm this aspect of the order.

---

**2.** Of note, plaintiffs did not even seek punitive damages in the ad damnum clause of either the complaint or amended complaint.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion to dismiss the negligent hiring and retention cause of action; cross motion granted to that extent; and, as so modified, affirmed.