■ JONNA J. DRISDOM, as Administrator of the Estate of JONAH R. DRISDOM, Deceased, Respondent-Appellant, v NIAGARA FALLS MEMORIAL MEDICAL CENTER et al., Appellants-Respondents. [861 NYS2d 919]—

Appeals and cross appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 10, 2007 in an action for, inter alia, wrongful death. The order, among other things, denied the motions of defendants Niagara Falls Memorial Medical Center, Niagara Emergency Physicians Group, P.C. and Dr. Leonard Franco for summary judgment and denied plaintiff's cross motion for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion of defendants Niagara Emergency Physicians Group, P.C. and Dr. Leonard Franco for summary judgment dismissing the first cause of action to the extent that it alleges that defendant Niagara Emergency Physicians Group, P.C. was negligent in failing to properly interview, hire, train, supervise, and monitor its employees, including defendant Dr. Leonard Franco, and dismissing that cause of action to that extent, and by denying that part of the cross motion of defendants City of Niagara Falls Police Department, City of Niagara Falls, and Walter R. Nichols, Jr. for summary judgment dismissing the claims for punitive damages against defendant Walter R. Nichols, Jr. and reinstating those claims against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as administrator of the estate of Jonah R. Drisdom (decedent), commenced this action seeking damages for the wrongful death of decedent and compensatory and punitive damages for the alleged violation of decedent's civil rights pursuant to 42 USC § 1983. As plaintiff correctly concedes, "the State and its political subdivisions are not subject to punitive damages" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 386 [1987]; *see generally Sharapata v Town of Islip*, 56 NY2d 332, 338-339 [1982]), and thus Supreme Court properly granted those parts of the cross motion of defendants City of Niagara Falls Police Department (Department), City of Niagara Falls (City), and Walter R. Nichols, Jr. (collectively, City defendants) for summary judgment dismissing the claims for punitive damages against the Department and the City. The court erred, however, in granting that part of the cross motion for summary judgment dismissing the claims for punitive dam-

ages against Nichols because "[t]he immunity of a municipality from punitive damages does not extend to individual police officers" (*Staudacher v City of Buffalo*, 155 AD2d 956, 956 [1989]; *see Carney v City of Utica*, 148 AD2d 927 [1989]), and we therefore modify the order accordingly.

We agree with defendants Niagara Emergency Physicians Group, P.C. (NEPG) and Dr. Leonard Franco that the court erred in denying that part of their motion seeking summary judgment dismissing the first cause of action to the extent that it alleges that NEPG was negligent in failing "to properly interview, hire, train, supervise, and monitor" its employees, including Dr. Franco, and we therefore further modify the order accordingly. "Such a cause of action does not lie where, as here, the employee is acting within the scope of his or her employment, thereby rendering the employer liable for damages caused by the employee's negligence under the [alternative] theory of respondeat superior" (*Watson v Strack*, 5 AD3d 1067, 1068 [2004]; *see Matter of Trader v State of New York*, 277 AD2d 978 [2000]).

The contention of the City defendants that they were entitled to summary judgment dismissing the complaint against them because the conduct of decedent was the sole proximate cause of his death is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Similarly, the contention of defendant Niagara Falls Memorial Medical Center (Medical Center) that the court erred in denying that part of its motion for summary judgment dismissing any punitive damages claims against it on the ground that it is not a state actor is raised for the first time on appeal and thus is not properly before us (*see id.*). Even assuming, arguendo, that the Medical Center's contention involves an issue "of law appearing on the face of the record that [plaintiff] could not have countered had it been raised in the court of first instance" and thus may be raised for the first time on appeal (*Matter of Allegany County Dept. of Social Servs. v Thomas T.*, 273 AD2d 916, 918 [2000]; *see Oram v Capone*, 206 AD2d 839 [1994]), we conclude that the Medical Center failed to meet its burden of establishing that it is a private hospital that cannot be held liable pursuant to 42 USC § 1983 (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Martoche, J.P., Smith, Centra and Green, JJ.