ADI SEGAL, Respondent, v ST. JOHN'S UNIVERSITY et al., Appellants. [893 NYS2d 221]—

The plaintiff allegedly injured her back while a member of the swim team at the defendant St. John's University (hereinafter St. John's). She commenced this action against her coach, John Skudin, and St. John's, alleging that her injury was caused by certain training methods employed by Skudin, and asserting, inter alia, causes of action to recover damages for common-law negligence against both of the defendants, and for negligent hiring and supervision against St. John's. The defendants moved for summary judgment dismissing the complaint, but the Supreme Court denied the motion with leave to renew. In their renewed motion, the defendants asserted, among other things, that the plaintiff, an experienced swimmer, both impliedly and expressly assumed the risk of injuring her back and that the training methods were appropriate. The Supreme Court denied the renewed motion. We modify.

Generally, when a plaintiff seeks to recover damages against an employer based on an employee's actions committed within the scope of his or her employment, the employer is liable under the doctrine of respondeat superior, not negligent hiring or supervision (*see Drisdom v Niagara Falls Mem. Med. Ctr.,* 53 AD3d 1142, 1143 [2008]; *Coville v Ryder Truck Rental, Inc.,* 30 AD3d 744, 744-745 [2006]; *Watson v Strack,* 5 AD3d 1067, 1068 [2004]; *Weinberg v Guttman Breast & Diagnostic Inst.,* 254 AD2d 213 [1998]; *cf. Talavera v Arbit,* 18 AD3d 738 [2005]). Inasmuch as the alleged negligent actions of Skudin were indisputably within the scope of his employment, the Supreme Court should have granted that branch of the defendants' renewed motion which was to dismiss the cause of action asserted against St. John's alleging negligent hiring and supervision. We also note that the causes of action seeking damages based on intentional tort and fraud, and seeking punitive damages, were previously withdrawn by the plaintiff and thus were no longer before the Supreme Court.

The Supreme Court properly denied, upon renewal, that branch of the defendants' renewed motion which was for summary judgment dismissing the cause of action to recover damages based on negligence. Regardless of whether the training methods Skudin employed were "well within the normal and

expected parameters" for swimmers at the plaintiff's level, the plaintiff testified at her deposition that Skudin continued to employ those methods after she complained of back pain. The plaintiff's deposition was annexed to the defendants' moving papers. Consequently, the defendants' own moving papers created a triable issue of fact on whether the defendants were negligent. Similarly, we cannot say, as a matter of law, based on the defendants' renewed moving papers, that the plaintiff assumed the risk of injuring her back by her membership on the swim team, inasmuch as those moving papers did not establish that her alleged injury and the manner in which it allegedly was caused, were inherent risks of swimming (*see Owen v R.J.S. Safety Equip.*, 79 NY2d 967, 969-970 [1992]; *Gahan v Mineola Union Free School Dist.*, 241 AD2d 439, 441 [1997]; *cf. Musante v Oceanside Union Free School Dist.*, 63 AD3d 806, 807 [2009]; *Kane v North Colonie Cent. School Dist.*, 273 AD2d 526, 527 [2000]). In sum, because the defendants' renewed moving papers themselves raised triable issues of fact, denial of that branch of the defendants' renewed motion which was to dismiss the cause of action to recover damages based on negligence was required without regard to the sufficiency of the papers submitted in opposition (*see Abato v County of Nassau*, 65 AD3d 1268, 1269 [2009]).

The defendants' remaining contention is without merit. Mastro, J.P., Fisher, Belen and Austin, JJ., concur.