In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered December 20, 2010, *1036 which granted the defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligent hiring, management, and supervision, and, in effect, the demand for punitive damages, and (2), as limited by their brief, from so much of an order of the same court dated June 10, 2011, as, upon renewal, adhered to the original determination.
Ordered that the appeal from the order entered December 20, 2010, is dismissed, as that order was superseded by the order dated June 10, 2011, made upon renewal; and it is further,
Ordered that the order dated June 10, 2011, is reversed insofar as appealed from, on the law, upon renewal, the order entered December 20, 2010, is vacated, and the defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligent hiring, management, and supervision, and, in effect, the demand for punitive damages is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
The plaintiff Eddy Quiroz (hereinafter the injured plaintiff), while driving a school bus, was involved in an accident with a garbage truck, which was operated by the defendant Bradley G. Zottola and owned by his employer, the defendant Panichi Holding Corp. (hereinafter Panichi).
The injured plaintiff, and his wife, suing derivatively, commenced this action, inter alia, to recover damages for personal injuries and negligent hiring, management, and supervision, against Zottola and Panichi. In the complaint, the plaintiffs also made a demand for punitive damages based on allegations of gross negligence, which were amplified by their bill of particulars. The defendants’ answer conceded that Zottola was operating the garbage truck during the course of his employment at the time of the accident.
Before discovery was complete, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligent hiring, management, and supervision, and, in effect, the demand for punitive damages. In support of their motion, they submitted the pleadings and the transcript of Zottola’s deposition. The Supreme Court granted the defendants’ motion.
Thereafter, the plaintiffs moved for leave to renew their opposition to the defendants’ motion, submitting new evidence, including deposition testimony of one of Panichi’s supervisors and documents from Zottola’s employment file which the plaintiffs did not have in their possession at the time the defendants initially moved. The Supreme Court granted that branch of the plaintiffs’ motion which was for leave to renew and, upon renewal, adhered to its original determination.
*1037 When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), “the standard is whether the pleading states a cause of action,” and, in considering such a motion, “the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Sokol v Leader, 74 AD3d 1180, 1180-1181 [2010] [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). When the moving party submits evidentiary material in support of his or her motion, “the criterion then becomes ‘whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one’ ” (Sokol v Leader, 74 AD3d at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). However, “a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied ‘unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it’ ” (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d at 275). “[T]he burden never shifts to the nonmoving party to rebut a defense asserted by the moving party” (Sokol v Leader, 74 AD3d at 1181). “Thus, a plaintiff ‘will not be penalized because he [or she] has not made an evidentiary showing in support of his [or her] complaint’ ” (id. at 1181, quoting Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]).
“Generally, where an employee is acting within the scope of his or her employment, the employer is liable for the employee’s negligence under a theory of respondeat superior and no claim may proceed against the employer for negligent hiring, retention, supervision or training” (Talavera v Arbit, 18 AD3d 738, 738 [2005]; see Segal v St. John’s Univ., 69 AD3d 702, 703 [2010]; Watson v Strack, 5 AD3d 1067, 1068 [2004]; Coville v Ryder Truck Rental, Inc., 30 AD3d 744, 745 [2006]; Weinberg v Guttman Breast & Diagnostic Inst., 254 AD2d 213 [1998]). However, “such a claim is permitted when punitive damages are sought based upon facts evincing gross negligence in the hiring or retention of an employee” (see Coville v Ryder Truck Rental, 30 AD3d at 745; Watson v Strack, 5 AD3d at 1068; Karoon v New York City Tr. Auth., 241 AD2d 323, 324 [1997]).
Here, the Supreme Court improperly determined that the plaintiffs’ allegations were insufficient to support a claim that Panichi acted so recklessly or wantonly as to warrant an award of punitive damages (see Talavera v Arbit, 18 AD3d at 738-739; Felton v Tourtoulis, 87 AD3d 983, 984 [2011]). Upon their motion to renew, the plaintiffs submitted new evidence which *1038 showed, among other things, that Panichi may have received anonymous complaints that Zottola drove the garbage truck, which when empty, weighed more than 10,000 pounds according to Zottola’s deposition testimony, fast and recklessly, and that Panichi may have known that Zottola had one or more violations on his driver’s license prior to the subject accident (see Talavera v Arbit, 18 AD3d at 738-739). Accordingly, the Supreme Court improperly adhered to its original determination granting the defendants’ motion pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging negligent hiring, management, and supervision and, in effect, the demand for punitive damages. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.