■ EILEEN MALAY, Appellant, v CITY OF SYRACUSE et al., Respondents. [57 NYS3d 267]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered January 11, 2016. The order and judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: In March 2007, the owner of the building in which plaintiff rented an apartment shot his own wife and took one or more relatives hostage. An intense, 24-hour standoff with police officers ensued. When negotiators were unable to end the standoff, police officers fired CS gas canisters into the building, including into plaintiff's apartment. Unbeknownst to the officers, plaintiff was inside her apartment. Following her telephone call to 911, plaintiff was extracted from the apartment, whereupon she was interviewed by police officers for several hours without any medical assistance or decontamination efforts.

Plaintiff thereafter commenced a federal action against, inter alia, defendant City of Syracuse (*Malay v City of Syracuse*, 638 F Supp 2d 303, 308 [ND NY 2009]), but the federal causes of action were dismissed, and the District Court declined to exercise jurisdiction over the state causes of action (*Malay v City of Syracuse*, 2011 WL 4595201, *1, 2011 US Dist LEXIS 112520, *1 [ND NY 2011], *appeal dismissed* 2d Cir, Aug. 14, 2012, No. 12-406). Plaintiff thereafter commenced this negligence action seeking damages for injuries she allegedly sustained as a result of the incident. Although a prior motion to dismiss the complaint was granted, the Court of Appeals reversed (*see Malay v City of Syracuse*, 25 NY3d 323, 325-326 [2015], *revg* 113 AD3d 1141 [2014]). Defendants thereafter moved for summary judgment dismissing the complaint. We conclude that Supreme Court properly granted that motion.

We agree with defendants that they established as a matter of law that they were immune from liability under the "professional judgment rule" (*Johnson v City of New York*, 15 NY3d 676, 680 [2010], *rearg denied* 16 NY3d 807 [2011]). That rule "insulates a municipality from liability for its employees' performance of their duties where the . . . conduct involves the exercise of professional judgment such as electing one among many acceptable methods of carrying out tasks, or making tactical decisions" (*id.* at 680 [internal quotation marks omitted]; *see Valdez v City of New York*, 18 NY3d 69, 75-76 [2011]). Nevertheless, the professional judgment rule "presupposes

that judgment and discretion are exercised in compliance with the municipality's procedures, because 'the very basis for the value judgment supporting immunity and denying individual recovery becomes irrelevant where the municipality violates its *own* internal rules and policies and exercises no judgment or discretion' " (*Johnson*, 15 NY3d at 681 [emphasis added]; *see Valdez*, 18 NY3d at 80; *Lubecki v City of New York*, 304 AD2d 224, 233-234 [2003], *lv denied* 2 NY3d 701 [2004]).

Here, we conclude that defendants established as a matter of law that the police officers' conduct in firing the CS gas canisters into the building involved the exercise of professional judgment, and plaintiff failed to raise a triable issue of fact (*see Johnson*, 15 NY3d at 681; *Arias v City of New York*, 22 AD3d 436, 437 [2005]; *cf. Lubecki*, 304 AD2d at 234-235). Contrary to plaintiff's contention, "[t]here was no evidence presented by . . . plaintiff, through [her] expert or otherwise, to show any immutable *departmental* procedures that must invariably be followed" in the use of CS gas canisters (*Rodriguez v City of New York*, 189 AD2d 166, 177 [1993] [emphasis added]). Although plaintiff contends that the police officers did not comply with the chemical munitions manual provided by the Defense Technology Federal Laboratories, there is no evidence that the manual was ever adopted by the City of Syracuse Police Department and thus no evidence that the police officers violated their " '*own* internal rules and policies' " (*Johnson*, 15 NY3d at 681 [emphasis added]). Moreover, here, as in *Johnson*, the manual did not contain mandatory directives but, rather, afforded officers "discretion to make a judgment call as to when, and under what circumstances, it [was] necessary to discharge" the gas canisters (*id.*).

Similarly, the decision to interview plaintiff immediately in order to obtain vital information to end the standoff was a discretionary determination and was not in violation of any internal policies and procedures (*see generally id.*). We thus conclude that the court properly granted defendants' motion for summary judgment dismissing the negligence causes of action against them.

Although plaintiff correctly contends that the court failed to address her cause of action alleging negligent training and supervision of the police officers, we nevertheless address the merits of that contention inasmuch as "they were argued before the [court] and were briefed by the parties" (*Meyer v North Shore-Long Is. Jewish Health Sys., Inc.*, 137 AD3d 878, 879 [2016], *lv denied* 28 NY3d 909 [2016]). We conclude that the cause of action concerning negligent supervision and training

was properly dismissed inasmuch as such a cause of action does "not lie where, as here, the employee[s] [are] acting within the scope of [their] employment, thereby rendering the employer liable for damages caused by the employee[s'] negligence under the theory of respondeat superior" (*Watson v Strack*, 5 AD3d 1067, 1068 [2004]; *see Karoon v New York City Tr. Auth.*, 241 AD2d 323, 324 [1997]).

Inasmuch as we conclude that dismissal was appropriate by application of the professional judgment rule, we do not address plaintiff's remaining challenge to the dismissal of the complaint. Present—Peradotto, J.P., Lindley, Troutman and Scudder, JJ.