Brown v First Student, Inc. (2018 NY Slip Op 08776)





Brown v First Student, Inc.


2018 NY Slip Op 08776


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


982 CA 17-02161

[*1]MARILYN BROWN, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF J.L., AN INFANT, PLAINTIFF-RESPONDENT,
v
FIRST STUDENT, INC., BUFFALO PUBLIC SCHOOL DISTRICT, ET AL., DEFENDANTS-RESPONDENTS, CATHOLIC DIOCESE OF BUFFALO, OUR LADY OF BLACK ROCK SCHOOL, MARTHA J. EADIE, SISTER CAROL CIMINO, AND DEBBIELYNN DOYLE, DEFENDANTS-APPELLANTS. 






CONNORS LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
HOGANWILLIG, PLLC, AMHERST (DIANE TIVERON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
THE LONG FIRM LLP, BUFFALO (WILLIAM A. LONG, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered August 4, 2017. The order denied the motion of defendants Catholic Diocese of Buffalo, Our Lady of Black Rock School, Martha J. Eadie, Sister Carol Cimino and Debbielynn Doyle to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion in part and dismissing the seventh, eighth, tenth, and eleventh causes of action, and as modified the order is affirmed without costs.
Memorandum: Defendants-appellants (defendants) appeal from an order denying their pre-answer motion to dismiss the complaint against them (see CPLR 3211 [a] [1], [7]). Accepting the factual allegations in the complaint as true and affording plaintiff every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that the sixth, ninth, twelfth, thirteenth, and fourteenth causes of action adequately set forth a cognizable theory of negligence (see generally Ernest v Red Cr. Cent. Sch. Dist., 93 NY2d 664, 670-672 [1999], rearg denied 93 NY2d 1042 [1999]). Supreme Court therefore properly refused to dismiss those causes of action (see generally Villar v Howard, 28 NY3d 74, 80 [2016]). "Whether [such causes of action] will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove [her] claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2d Dept 2006], citing EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
We agree with defendants, however, that the seventh, eighth, tenth, and eleventh causes of action, which allege various theories of negligent hiring, supervision, and training, do not lie because the subject employees were allegedly "acting within the scope of [their] employment, thereby rendering the employer liable for damages caused by the employee[s' alleged] negligence under the theory of respondeat superior" (Watson v Strack, 5 AD3d 1067, 1068 [4th Dept 2004]; see Malay v City of Syracuse, 151 AD3d 1624, 1626-1627 [4th Dept 2017], lv denied 30 NY3d 904 [2017]). The court therefore erred in refusing to dismiss those causes of action, and we modify the order accordingly.
Defendants' remaining contention regarding the sixth cause of action is without merit.
All concur except Whalen, P.J., and Centra, J., who dissent and vote to reverse in accordance with the following memorandum: We respectfully dissent in part inasmuch as we disagree with the majority's determination that the sixth, ninth, twelfth, thirteenth, and fourteenth causes of action adequately set forth a cognizable theory of negligence. We would therefore reverse the order, grant the motion, and dismiss the complaint against defendants-appellants (defendants).
Plaintiff's child was a six-year-old special-education student at defendant Our Lady of Black Rock School (School) and, as alleged in the complaint, the child was sexually abused by a fellow student while riding a privately-owned bus home from the School on at least five occasions in November 2015. The company operating the bus was hired by and held a contract with the City of Buffalo (City) and not the School. In her complaint, plaintiff asserted that she informed the School that her child was being bullied, but that the School took no action and thereby allowed the abuse to continue.
"[A] school has a duty of care while children are in its physical custody or orbit of authority" (Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 378 [1995]), which generally "does not extend beyond school premises" (Stephenson v City of New York, 19 NY3d 1031, 1034 [2012]; see Harker v Rochester City Sch. Dist., 241 AD2d 937, 938 [4th Dept 1997], lv denied 90 NY2d 811 [1997], rearg denied 91 NY2d 957 [1998]). A school continues to have a duty of care to a child released from its physical custody or orbit of authority only under certain narrow circumstances, specifically, where the school "releases a child without further supervision into a foreseeably hazardous setting it had a hand in creating" (Ernest v Red Cr. Cent. Sch. Dist., 93 NY2d 664, 672 [1999], rearg denied 93 NY2d 1042 [1999]; see Deng v Young, 163 AD3d 1469, 1469-1470 [4th Dept 2018]).
In determining that the sixth, ninth, twelfth, thirteenth, and fourteenth causes of action adequately set forth a cognizable theory of negligence, the majority effectively ignores the language in Ernest limiting a school's duty of care to instances where "it releases a child without further supervision" (id., 93 NY2d at 672 [emphasis added]). Those circumstances do not exist here inasmuch as the child was released to the care of the bus company, which was then responsible for the "further supervision" of the child (id.). The majority also ignores the precedent set by Chainani, which states that a school that has "contracted-out responsibility for transportation" to a private bus company "cannot be held liable on a theory that the children were in [the school's] physical custody at the time of injury" (id., 87 NY2d at 379). Therefore, defendants' duty of care ended when the child was released to the physical custody of the bus company, especially where, as here, the bus company was hired by the City and had no contractual relationship with the School.
Defendants also did not assume a special duty of care as a result of their online training program "Virtus," which was created to combat sexual abuse of children. Such a duty is created where a plaintiff "[knew] of and detrimentally relied upon the defendant's performance, or the defendant's actions . . . increased the risk of harm to the plaintiff" (Arroyo v We Transp., Inc., 118 AD3d 648, 649 [2d Dept 2014]). Here, plaintiff does not allege that she was aware of Virtus and relied on it to her detriment, or that the program increased the risk of sexual abuse on the school bus. We have reviewed plaintiff's remaining alternative ground for affirmance and conclude that it lacks merit.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court