Roberts v Liberty Lines Tr., Inc. (2020 NY Slip Op 06005)





Roberts v Liberty Lines Tr., Inc.


2020 NY Slip Op 06005


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Oing, JJ. 


Index No. 20424/13E Appeal No. 12175N Case No. 2019/4790N 

[*1]Darrell W. Roberts, Plaintiff-Respondent,
v
Liberty Lines Transit, Inc., Defendant-Appellant. Heidi Seelbach, etc., Defendant.


Vigorito, Barker, Patterson, Nichols and Porter, LLP, Valhalla (Christopher J. Whitton of counsel), for appellant.
Bernstein & Bernstein, White Plains (Arnold I. Bernstein of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 17, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to amend the complaint to add a cause of action for negligent hiring and a claim for punitive damages against defendant Liberty Lines Transit, Inc., unanimously affirmed, without costs.
The motion court providently exercised its discretion in permitting plaintiff to amend his complaint to add an otherwise untimely cause of action for negligent hiring, because the facts underlying the amendment (i.e., that the decedent was a Liberty Lines employee acting in the course of his employment when he struck plaintiff with the bus's mirror) were known to Liberty Lines when the original complaint was filed, and plaintiff seeks only to add a new theory of liability based upon those facts (see M.A. Angeliades, Inc. v Hill Intl., Inc., 150 AD3d 607 [1st Dept 2017], citing Estrella v New York City Tr. Auth., 6 AD3d 305, 306 [1st Dept 2004]). Liberty Lines will not be unduly prejudiced or surprised by the amendment adding a new claim, because it has had the decedent's personnel file since the day of the accident. The file contains documentation indicating that the decedent had a rear-end collision and was charged with speeding before he was hired, had multiple accidents before the subject accident, and was retrained by the company about nine months before the accident after a pedestrian complained about his aggressive driving. In addition, plaintiff alleged negligent hiring, training, retention and supervision in its notice of claim, which was served on Liberty Lines. Moreover, Liberty Lines does not claim that it would be prejudiced in any way by the proposed amendment, or that it has been hindered in the preparation of its case or prevented from taking some measure in support of its position (see O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 86 [1st Dept 2017]).
Contrary to Liberty Lines' apparent contention, the facts that Westchester County may not be subject to punitive damages (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 386 [1987]), and that the bus operated by the decedent during the course of his employment with Liberty Lines was owned by Westchester County, do not establish that Liberty Lines may not be subject to punitive damages. As Liberty Lines was the decedent's private employer, plaintiff alleges gross negligence in Liberty Lines' hiring of the decedent, and there is evidence that Liberty Lines may have received a
complaint that the decedent was driving aggressively before the accident, Liberty Lines may be subject to punitive damages (see Quiroz v Zottola, 96 AD3d 1035 [2d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020