■ PECKHAM ROAD CORPORATION, Appellant, v TOWN OF PUT-NAM VALLEY et al., Respondents, et al., Defendants. [631 NYS2d 172] —In an action to recover damages, *inter alia,* for breach of contract and violations of the Lien Law, the plaintiff appeals from an order of the Supreme Court, Putnam County (Hickman, J.), dated October 29, 1993, which denied its motion for summary judgment and granted the cross motions of certain defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action against the defendants to recover damages for work performed and materials provided pursuant to a contract between the plaintiff and the defendant Wagon Production, Inc. (hereinafter Wagon). Wagon was the general contractor on a road construction project for the defendant Town of Putnam Valley (hereinafter the Town). Wagon agreed to pay the plaintiff $42,500 for the road work. The plaintiff completed the road work satisfactorily, and the Town authorized that $42,500 be released to Wagon from a bank account which was established in 1988 by the principals of Wagon, Mark and Larry Tarnofsky, and the Town as a security bond to assure the satisfactory completion of the road work. Wagon, however, did not pay the plaintiff because Wagon was apparently defunct.

Contrary to the plaintiff's contention in connection with its causes of action against the Town and its employees, New York's Lien Law provides that payments to contractors do not constitute a diversion of trust funds *(see,* Lien Law § 71 [1]). Therefore, the Town's authorization to release the bank funds

to Wagon is permitted under the Lien Law trust fund provisions *(see generally, Fentron Architectural Metals Corp. v Solow,* 101 Misc 2d 393, 397).

In addition, the defendants Richard N. Chassin and the law firm of Becker, Glynn and Melamed, who were Wagon's attorneys and who received the plaintiff's invoices on behalf of Wagon, did not violate the Lien Law since they were not owners or contractors in actual receipt of the funds *(see, Caledonia Lbr. & Coal Co. v Chili Hgts. Apts.,* 70 AD2d 766; Lien Law § 70 [1]).

To assert a violation of Federal Civil Rights Law 42 USC § 1983, a plaintiff must show that it was deprived of a Federally-recognized constitutional right *(see, Texaco Inc. v Pennzoil Co.,* 784 F2d 1133, *revd on other grounds* 481 US 1). In the instant case, the plaintiff has failed to show that it was deprived of such a constitutional right. Therefore the plaintiff's cause of action under 42 USC § 1983 of a taking of its property without just compensation was properly dismissed by the Supreme Court. Absent any constitutionally-recognized property interest of the plaintiff in the funds, there can be no deprivation of a Federal constitutional right or privilege and consequently no civil rights violation under 42 USC § 1983 can exist *(see, Texaco Inc. v Pennzoil Co., supra).*

The causes of action against the Town and its employees sounding in breach of contract were properly dismissed because of the plaintiff's failure to timely file a notice of claim *(see,* Town Law § 65 [3]; *Hart v East Plaza,* 62 AD2d 113, 117). In any event, it is well established that it is the intention of the promisee which is of primary importance in ascertaining whether a party is to be considered an intended beneficiary of a contract *(see, Key Intl. Mfg. v Morse/ Diesel, Inc.,* 142 AD2d 448, 455). In the instant case, it is undisputed that the passbook account was established two years prior to the plaintiff's contract with Wagon. Furthermore, it is clear from the record that the funds were deposited solely to protect the Town's interest in having the construction work completed. The record makes it sufficiently clear that the funds were not deposited for the plaintiff's benefit.

Finally, there is no merit to the plaintiff's contention that Richard N. Chassin and the law firm of Becker, Glynn and Melamed had breached a purported contract between them and the plaintiff. It is well settled that an agent does not assume personal liability in executing a contract for a disclosed principal unless it is clear that the agent intends to be bound personally *(see, Memorial Hosp. v Baumann,* 100 AD2d 701).

Furthermore, the Statute of Frauds voids any promise to answer for the debt, default, or miscarriage of another person unless the contract or some note or memorandum thereof is in writing, and subscribed by the party to be charged (see, General Obligations Law § 5-701). When an agent is acting on behalf of a disclosed principal, the evidence that he also intends to assume individual liability must be clear and unequivocal (see, Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4). The two faxes upon which the plaintiff relies to establish that Chassin and his law firm intended to become personally liable for Wagon's performance of its contract with the plaintiff fail to show any such intention.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.