■ ALBERTA POMERANTZ, Respondent, v OWEN POMERANTZ et al., Defendants, and TEENA POMERANTZ, Appellant. [654 NYS2d 36] —In an action, *inter alia*, to recover damages for breach of contract, the defendant Teena Pomerantz appeals from so much of a judgment of the Supreme Court, Nassau County (Ain, J.), entered March 6, 1996, as, upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against her in the principal sum of $250,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff, as temporary receiver for Spiral Commercial Corp. (hereinafter Spiral), commenced this action against, *inter alia*, the appellant Teena Pomerantz (hereinafter Teena) seeking repayment of a $250,000 loan made by Spiral to her and her former husband, the defendant Owen Pomerantz (hereinafter Owen). The money was used by Teena and Owen to purchase a home and property in Lattingtown, New York (hereinafter the property). Pursuant to a separation agreement dated December 3, 1990, Teena and Owen acknowledged this debt to Spiral and agreed that, out of the proceeds from the sale of the property, "the sum of $250,000 [was] to be repaid to Spiral Commercial Corp. (which moneys were borrowed at the time of the purchase of the [property])". However, although the property was eventually sold, the Pomerantzs failed to satisfy the debt to Spiral from the proceeds. Accordingly, the plaintiff commenced this action alleging, *inter alia*, breach of contract. After issue was joined, the plaintiff moved for summary judgment, which was granted. Judgment was entered

against Teena and Owen in the principal sum of $250,000. We now affirm.

The Pomerantzs breached the separation agreement by failing to repay Spiral $250,000 from the proceeds of the sale of the property. Spiral, as an intended beneficiary of the separation agreement, had standing to enforce the separation agreement (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38; *Braten v Bankers Trust Co.,* 60 NY2d 155; *Peckham Rd. Corp. v Town of Putnam Val.,* 218 AD2d 789; *Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448). Enforcement of the separation agreement, which was in writing and subscribed by the parties against whom it was being enforced, was not barred by the Statute of Frauds (*see,* General Obligations Law § 5-701; *D & N Boeing v Kirsch Beverages,* 63 NY2d 449; *Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Finally, the plaintiff's action was commenced within six years of the breach and was, therefore, timely (*see,* CPLR 213; *Matter of Equitable Life Assur. Socy. v Branch,* 32 AD2d 959). Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.