■ KAREN WEINREB, Respondent, v GRANT P. STINCHFIELD, Appellant, et al., Defendants. [797 NYS2d 521]—

In an action, inter alia, to recover damages for breach of contract, the defendant Grant P. Stinchfield appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered August 18, 2003, which, upon an order of the same court (DiBlasi, J.), entered May 5, 2003, inter alia, directing a hearing on the issue of whether he signed the contract in his individual capacity, determined, after a hearing, that he signed the contract in his individual capacity and, in effect, denied his pre-answer motion to permanently stay the action and compel arbitration.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the action is permanently stayed on the ground that the defendant Grant P. Stinchfield did not sign the contract in his individual capacity.

In June 2001 the parties executed a written construction management contract for the construction of a home. After differences arose between the parties, the appellant commenced an arbitration proceeding on behalf of his company, Junefield Associates, Inc. (hereinafter Junefield), to collect moneys due and owing. The arbitration proceeding was initiated in accordance with the terms of the contract at issue. The plaintiff then commenced this action.

By pre-answer motion, the appellant moved to stay this action and compel arbitration. By order entered May 5, 2003, the appellant's motion to stay the action was granted to the extent of directing a hearing on the issue of whether he signed the contract in his individual capacity, as the plaintiff insists, or as the agent of Junefield. After the hearing, the Supreme Court determined that the appellant signed the contract in his individual capacity. We reverse.

When an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound (*see Savoy Record Co. v Cardinal Export Corp.*, 15 NY2d 1, 4 [1964]; *Mencher v Weiss*, 306 NY 1, 4 [1953]; *Holzer Assoc. v Orta*, 250 AD2d 737 [1998]; *Palisades Off. Group v Kwilecki*, 233 AD2d 490, 491 [1996]). In this case, precontractual correspondence provided to the plaintiff, as well as the construction contract at issue, were drafted on Junefield's letterhead. Moreover, the plaintiff remitted several checks made payable to Junefield for services rendered in contemplation of the contract. The principal was therefore disclosed to the plaintiff before the execution of the contract. That the appellant signed the construction contract without any language limiting his signature is of no consequence, since the plaintiff, as the party alleging personal liability on the appellant's part, was aware that the appellant was acting for the disclosed principal (*see Holzer Assoc. v Orta, supra* at 737-738). The plaintiff failed to offer clear and explicit evidence of the appellant's intention to be personally bound to the contract (*see Salzman Sign Co. v Beck*, 10 NY2d 63 [1961]; *Peckham Rd. Corp. v Town of Putnam Val.*, 218 AD2d 789, 790-791 [1995]). Accordingly, the appellant's motion to permanently stay this action and compel arbitration should have been granted. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.