[891 NYS2d 588]

MEIR SHARONI, Respondent, v JESSICA VILLAPLANA, Appellant, et al., Defendants.

Supreme Court, Appellate Term, Second Department, October 23, 2009

**APPEARANCES OF COUNSEL**

*Jessica Villaplana*, appellant pro se. *Meir Sharoni*, respondent pro se.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the judgment, insofar as appealed from, is reversed without costs and judgment is directed to be entered dismissing the complaint as against defendant Jessica Villaplana.

Plaintiff commenced this action to recover a real estate commission allegedly due him upon the sale of premises owned by defendant Joseph Paino. After a nonjury trial, the Civil Court found that plaintiff had produced a buyer who was ready, willing and able to purchase the premises and awarded plaintiff judgment in the sum of $10,500 against all of the named defendants in this action. This appeal by defendant Jessica Villaplana ensued. On appeal, Villaplana contends that the judgment against her should be reversed since she was not a party to the commission agreement and was merely an agent for Remax.

"When an agent acts on behalf of a disclosed principal, the agent will not be personally liable for a breach of contract unless there is clear and explicit evidence of the agent's intention to be personally bound" (*Weinreb v Stinchfield*, 19 AD3d 482, 483 [2005]). The evidence established that defendant Jessica Villaplana was merely an agent of "Remax," the realty company involved with the sale of the premises owned by defendant Joseph Paino and purchased by defendant Marcus Lee on September 15, 2006. The evidence further established that the agreement to pay real estate commissions on the sale of the Paino property was between plaintiff, Joseph Paino, Remax and Dominic Ali. Villaplana was merely an agent for a disclosed principal, and there was no proof demonstrating her intention to be personally liable with respect to said commission. Accordingly, the judgment, insofar as appealed from, is reversed and judgment is directed to be entered dismissing the complaint as against defendant Villaplana.

PESCE, P.J., WESTON and RIOS, JJ., concur.