[988 NE2d 502, 965 NYS2d 767]

In the Matter of DEBORAH SAGAL-COTLER, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents.

In the Matter of JOSEPHINE THOMAS, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents.

Argued March 20, 2013; decided April 25, 2013

## POINTS OF COUNSEL

*Office of General Counsel, New York State United Teachers*, New York City (*Ariana A. Gambella* and *Richard E. Casagrande* of counsel), for appellant in the first above-entitled action. Education Law § 3028 controls respondents' duty to provide appellant legal representation in the civil action because this statute specifically governs legal actions arising out of disciplinary action taken against a pupil. (*Blood v Board of Educ. of City of N.Y.*, 121 AD2d 128; *Matter of Cutler v Poughkeepsie City School Dist.*, 73 AD2d 967; *Riviello v Waldron*, 47 NY2d 297; *Matter of Inglis v Dundee Cent. School Dist. Bd. of Educ.*, 180 Misc 2d 156; *Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo*, 247 AD2d 537; *Iazzetti v City of New York*, 94 NY2d 183; *Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation*, 71 NY2d 186; *Alweis v Evans*, 69 NY2d 199; *Ricca v Board of Educ. of City School Dist. of City of N.Y.*, 47 NY2d 385; *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662.)

*Lichten & Bright, P.C.*, New York City (*Stuart L. Lichten* of counsel), for appellant in the second above-entitled action. Josephine Thomas is accused of acts arising out of discipline, and is therefore entitled to an attorney provided by the City of New York. (*Timmerman v Board of Educ. of the City School Dist. of the City of N.Y.*, 50 AD3d 592; *Matter of Cutler v Poughkeepsie City School Dist.*, 73 AD2d 967; *Riviello v Waldron*, 47 NY2d 297; *Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo*, 247 AD2d 537; *Joseph v City of Buffalo*, 83 NY2d 141; *Matter of Williams v City of New York*, 64 NY2d 800; *Kosiba v City of Syracuse*, 287 NY 283; *Lundberg v State of New York*, 25 NY2d 467; *Perez v City of New York*, 79 AD3d 835; *Jones v Weigand*, 134 App Div 644.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Paul T. Rephen* and *Leonard Koerner* of counsel), for respondents in the first and second above-entitled actions. In view of the prohibition against corporal punishment contained in the Regulations of the State Board of Regents and the Rules of the Chancellor of the City Department of Education, it was not arbitrary or capricious to deny legal representation to an employee who had engaged in corporal punishment and was subsequently sued by the victim for damages. (*Matter of Williams v City of New York*, 64 NY2d 800; *Perez v City of New York*, 43 AD3d 712; *Blood v Board of Educ. of City of N.Y.*, 121

AD2d 128; *Timmerman v Board of Educ. of City School Dist. of City of N.Y.*, 50 AD3d 592; *Matter of Inglis v Dundee Cent. School Dist. Bd. of Educ.*, 180 Misc 2d 156; *Matter of Dutchess County Dept. of Social Servs. v Day*, 96 NY2d 149; *Farrington v Pinckney*, 1 NY2d 74; *Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo*, 247 AD2d 537.)

**OPINION OF THE COURT**

SMITH, J.

We hold that employees of the New York City Department of Education who are sued for using corporal punishment are entitled to a defense provided by the City, even though the employees' conduct violated a state regulation.

Both petitioners are paraprofessionals employed in the New York City schools, and are defendants in civil suits brought by students who allege that petitioners hit them. Petitioner in *Sagal-Cotler* admits that she slapped a student in the face after he refused three times to go with her to the cafeteria. Petitioner in *Thomas* allegedly hit a student on the head when the child did not do his work properly; she denied the allegation, but her principal found the charge to be substantiated, and that finding is not challenged here. Petitioners do not dispute that the actions they were found to have committed violated a rule of the Board of Regents, 8 NYCRR 19.5 (a), which prohibits corporal punishment.

Both petitioners asked the City of New York to defend the lawsuits for them, and the City refused in both cases. Petitioners brought these proceedings to annul the City's determinations. In *Sagal-Cotler*, Supreme Court granted the relief sought, but the Appellate Division reversed and dismissed the proceeding (*Matter of Sagal-Cotler v Board of Educ. of the City School Dist. of the City of N.Y.*, 96 AD3d 409 [1st Dept 2012]). In *Thomas*, Supreme Court dismissed the proceeding (*Matter of Thomas v New York City Dept. of Educ.*, 33 Misc 3d 629 [Sup Ct, NY County 2011]), and the Appellate Division affirmed (96 AD3d 401 [1st Dept 2012]). Two Justices dissented in each case, and petitioners appeal to us as of right pursuant to CPLR 5601 (a). We now reverse.

Petitioners' claim that they are entitled to a defense rests upon Education Law § 3028, which says:

"Notwithstanding any inconsistent provision of any general, special or local law, or the limitations

contained in the provisions of any city charter, each board of education, trustee or trustees in the state shall provide an attorney or attorneys for, and pay such attorney's fees and expenses necessarily incurred in the defense of a teacher, member of a supervisory or administrative staff or employee . . . in any civil or ciminal [sic] action or proceeding arising out of disciplinary action taken against any pupil of the district *while in the discharge of his duties within the scope of his employment.*" (Emphasis added.)

Section 3028, enacted in 1960, controls these cases. It is true that later-enacted legislation applicable to employees of the New York City Department of Education entitles such employees to a defense only where their actions were "not in violation of any rule or regulation of [their] agency" (General Municipal Law § 50-k [2]; *see* Education Law § 2560). Petitioners, all parties agree, have no rights under section 50-k (2), which was enacted in 1979. However, General Municipal Law § 50-k (9) says that section 50-k "shall not be construed in any way to impair, alter, limit, modify, or abrogate or restrict . . . any right to defense . . . in accordance with, or by reason of, any other provision of state . . . law." Thus petitioners' rights under section 3028 are unaffected by section 50-k (2).

The decisive issue is whether the actions that resulted in the students' lawsuits against petitioners were taken "while in the discharge of [their] duties within the scope of [their] employment," as section 3028 requires. The City does not dispute that petitioners were acting within the scope of their employment. It is well-established that an act is within the scope of employment if it "was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions" (*Riviello v Waldron,* 47 NY2d 297, 302 [1979] [internal quotation marks and citations omitted]). But the City says that the statutory words "discharge of . . . duties" have a more restrictive meaning, and that an employee who is violating her employer's regulations cannot be acting in the "discharge of [her] duties." The City points out that, when section 3028 was enacted in 1960, corporal punishment was permissible in much of the state (though it had already been prohibited in New York City), and argues that the statute was intended to benefit only employees whose conduct was within the rules.

We reject the City's argument. "Scope of employment," "discharge of duties" and similar phrases have long been regarded

as interchangeable. Thus in *Joseph v City of Buffalo* (83 NY2d 141, 145 [1994]), we considered whether a police officer was acting "in the performance of his duties and within the scope of his employment" within the meaning of General Municipal Law § 50-j; we made no distinction between the two phrases. In *Matter of Williams v City of New York* (64 NY2d 800, 802 [1985]) we stated a single "issue": "whether petitioner's acts were committed within the scope of his public employment and the discharge of his duties." And in *Lundberg v State of New York* (25 NY2d 467, 470 [1969]), we observed: "[a]n employee acts in the scope of his employment when he is doing something in furtherance of the duties he owes to his employer and where the employer is, or could be, exercising some control . . . over the employee's activities."

Thus we do not read the statutory words "discharge of . . . duties" to restrict the right to a defense to cases where an employee acted in the proper and lawful discharge of his or her duties. Rather, we conclude that the authors of Education Law § 3028 intended to provide a defense even where an employee's use of corporal punishment violated regulations. Section 3028 requires the City to provide an attorney not just in civil, but also in criminal cases—suggesting that the legislature wanted even employees who engaged in highly questionable conduct to be defended at public expense. If the 1960 legislature meant to exclude cases in which corporal punishment was forbidden by regulation—as it was in New York City when section 3028 was enacted—it could have done so explicitly. Indeed, it could have said what the 1979 legislature said in General Municipal Law § 50-k (2): that there is no duty to provide a defense to an employee who has acted "in violation of any rule or regulation of his agency." Section 3028 contains no such language.

Accordingly, in each case, the order of the Appellate Division should be reversed, with costs, the challenged determination annulled and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur.

In each case: Order reversed, with costs, the challenged determination annulled, and the matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.