Ahluwalia v. St. George University

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fifteen.

PRESENT: JON O. NEWMAN,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges*,

———————————————————————————————

NITESH AHLUWALIA,
*Plaintiff-Appellant*,

v.                                              No.    14-4780

ST. GEORGE'S UNIVERSITY, UNIVERSITY SUPPORT SERVICES, DANIELLE ROSEN,
*Defendants-Appellees*,

DOES I–XX,
*Defendants.*

———————————————————————————————

APPEARING FOR APPELLANT:        JASON J. BACH, The Bach Law Firm, LLC, Las Vegas, Nevada.

APPEARING FOR APPELLEES:        CHARLES S. SIMS (Pietro A. Deserio, on the brief), Proskauer Rose LLP, New York, New York, *for St. George's University, LLC, and University Support Services, LLC*.

MICHELLE ACOSTA, Fumuso, Kelly, DeVerna, Snyder, Swart & Farrell, LLP, Hauppauge, New York, *for Danielle Rosen*.

Appeal from the United States District Court for the Eastern District of New York (Arthur D. Spatt, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Nitesh Ahluwalia appeals from a judgment dismissing his four-count complaint pursuant to Fed. R. Civ. P. 12(b)(6). He alleges that he was unfairly expelled from St. George's University School of Medicine ("the School"), where he and Defendant-Appellee Danielle Rosen were enrolled as students. He argues that the district court erred in dismissing his claims against Defendants-Appellees St. George's University, LLC ("SGU LLC") and University Support Services, LLC ("USS") for breach of contract and negligent hiring, training and supervision, and his claim against Rosen for tortious interference with contract.[1] He further challenges the district court's decision to deny him leave to replead. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting the factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. Sewell v. Bernardin, 795 F.3d 337, 339 (2d Cir. 2015). In addition to the complaint, we may consider documents attached thereto or incorporated by reference, and "documents upon which the complaint relies heavily."

---

[1] The district court also dismissed Ahluwalia's claim for fraud against Rosen, but Ahluwalia does not challenge that ruling on appeal.

2

Bldg. Indus. Elec. Contractors Ass'n v. City of New York, 678 F.3d 184, 187 (2d Cir. 2012). We review the denial of leave to amend the complaint for abuse of discretion. Lotes Co. v. Hon Hai Precision Indus. Co., 753 F.3d 395, 403 (2d Cir. 2014).

The breach of contract claim was properly dismissed because Ahluwalia fails plausibly to allege that he was in a contractual relationship with SGU LLC or USS. While Ahluwalia's allegations support the inference that he was in a contractual relationship with the entity that operates the School, neither SGU LLC nor USS is plausibly alleged to be that entity. The School's Eligibility and Certification Approval report issued by the U.S. Department of Education, which is incorporated by reference in the complaint, shows that SGU LLC wholly owns another entity, St. George's University, Ltd. ("SGU Ltd."), which itself wholly owns the School. Absent circumstances permitting piercing the corporate veil – which are not alleged here – the contractual obligations of a subsidiary will not be imputed to the parent. See Sheridan Broad. Corp. v. Small, 19 A.D.3d 331, 332 (1st Dep't 2005).[2]

As to USS, the complaint alleges that it is an agent of the School, but an agent contracting on behalf of a disclosed principal is not a party to the contract "unless there is clear and explicit evidence of the agent's intention to be personally bound." Weinreb v. Stinchfield, 19 A.D.3d 482, 483 (2d Dep't 2005). Even assuming that Ahluwalia

---

[2] Although it is not clear whether New York or Grenadian law should govern this dispute in the event of a conflict, both parties stated at oral argument that they are content to apply New York law, and neither party suggests that Grenadian law differs from New York law in any way relevant to this case.

contracted with the School through USS, there is no allegation that USS failed to disclose that it was acting on behalf of the School or that it intended at the time of contracting to be bound by the contract.

The negligent hiring, training and supervision claim was also properly dismissed, for at least three reasons. First, such claims are unavailable where the plaintiff was wronged by an employee acting within the scope of his employment. Weinberg v. Guttman Breast & Diagnostic Inst., 254 A.D.2d 213, 213 (1st Dep't 1998). Dean Rao's decision to expel Ahluwalia was plainly within the scope of his employment as Dean of Students at the School. This is so even if, as alleged, Dean Rao acted arbitrarily and in bad faith, because "an act is within the scope of employment if it 'was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions.'" Sagal-Cotler v. Bd. of Educ., 20 N.Y.3d 671, 675 (2013), quoting Riviello v. Waldron, 47 N.Y.2d 297, 302 (1979). There is likewise no basis in the complaint for inferring that Deans Weitzman and Robinson were acting outside the scope of their employment. Second, the claim fails because Ahluwalia has not alleged any facts showing that the School was on notice of its employees' "propensity to commit the conduct alleged." Doe v. Goldweber, 112 A.D.3d 446, 447 (1st Dep't 2013). Third, for the reasons discussed above, the complaint does not plausibly allege that the School employees whose actions are in question were employed by the named defendant entities.

We also affirm the district court's dismissal of Ahluwalia's claim against Rosen for tortious interference with contract. Assuming *arguendo* that Ahluwalia's contract

4

with the School incorporated the terms of the Judicial Process Manual, and that the School breached those terms in expelling Ahluwalia, the complaint does not allege that Rosen caused, or intended to cause, that breach. Rather, it alleges that Rosen intended to have Ahluwalia expelled, which the School could have done without violating the terms of the Judicial Process Manual. There is no basis in the complaint to infer that Rosen desired or tried to induce the School to adopt or avoid any particular procedure. See Alvord & Swift v. Stewart M. Muller Constr. Co., 46 N.Y.2d 276, 281 (1978) (interference with contract must be intentional and not merely incidental). Because the claim for tortious interference with prospective business relations is barely alluded to in Ahluwalia's briefing on appeal, we consider it abandoned. See Giuffre Hyundai, Ltd. v. Hyundai Motor Am., 756 F.3d 204, 207 n.2 (2d Cir. 2014) (plaintiff abandoned claims "by failing to give them more than cursory treatment in its brief on appeal").

Finally, the district court did not abuse its discretion in denying Ahluwalia leave to amend his complaint. "A plaintiff need not be given leave to amend if [he] fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in [his] complaint." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014). In his brief, Ahluwalia inventories the pleading deficiencies identified by the district court and announces his intention to remedy them, but does not offer any specific new facts that would plausibly support a claim for relief.

5

We have considered all of Ahluwalia's remaining arguments and find them to be without merit.  For the foregoing reasons the judgment of the district court is AFFIRMED.

                                                        FOR THE COURT:
                                                        CATHERINE O'HAGAN WOLFE, Clerk of Court