Kiki Dian Zavala, Respondent, 
against
Anthony Capetola and 2 AUDREY, INC., Appellants.



Appeal from a judgment of the District Court of Nassau County, Third District (Scott H. Siller, J.), entered September 15, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,450 as against both defendants.




ORDERED that the judgment is modified by vacating so much thereof as is against defendant Anthony Capetola and by providing that so much of the action as is against him is dismissed; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against 2 Audrey, Inc. and its president, Anthony Capetola, to recover the principal sum of $2,450, representing a security deposit she had paid, pursuant to a lease agreement, which had not been returned to her upon vacating the premises. Following a nonjury trial, the District Court awarded plaintiff the principal sum of $2,450 as against both defendants.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The evidence adduced at trial established that the lease was signed by Capetola on behalf of the corporation. It is well settled that officers of a corporation are not personally liable on the corporation's contracts if they do not purport to bind themselves individually (see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4 [1964]; Weinreb v Stinchfield, 19 AD3d 482, 483 [2005]; Peckham Rd. Corp. v Town of Putnam Val., 218 AD2d 789 [1995]; Jack v Restoration Dynamic, Inc., 43 Misc 3d 127[A], 2014 NY Slip Op 50477[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). The record is devoid of any evidence that Capetola incurred individual liability under the lease agreement. Thus, the court erred in holding the individual defendant liable. However, we find no basis in the record to disturb the court's determination with respect to the corporate defendant. Consequently, we find that so much of the judgment as imposed liability upon the individual defendant failed to render substantial justice according to the rules and principles of substantive law (see UDCA 1807; Moses v Randolph, 236 AD2d 706, 707 [1997]; see also Ross v Friedman, 269 AD2d 584).
Accordingly, the judgment is modified by vacating so much thereof as is against defendant Anthony Capetola and by providing that so much of the action as is against him is dismissed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: July 08, 2016